JUDGE BUCHWALD

Julius A. Rousseau, III
Jonathan Kline
**HERRICK, FEINSTEIN LLP**
Two Park Avenue
New York, New York 10016
(212) 592-1400 (phone)
(212) 592-1500 (fax)
jrousseau@herrick.com
jkline@herrick.com

'09 CIV 7914



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
Wells Fargo Bank Northwest, N.A., as trustee of :
the HVBFF Life Receivables Eurotrust,           :
                                                :
                        Plaintiffs,             :   Civil Action No.
                                                :
          - against -                           :   **COMPLAINT**
                                                :
AMERICAN GENERAL LIFE INSURANCE                 :
COMPANY,                                        :
                                                :
                        Defendant.              :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff Wells Fargo Bank Northwest, N.A., as trustee of the HVBFF Life Receivables Eurotrust ("HVBFF"), through its attorneys Herrick, Feinstein LLP, alleges the following as and for its complaint against American General Life Insurance Company ("American General"):

### STATEMENT OF CASE

1. This is an action for payment of a death benefit on a life insurance policy issued by American General in the total amount of $4,500,000 plus a refund of overpaid premium in the amount of $351,000, and consequential damages in an amount to be proved at trial owing to American General's bad faith refusal to pay the death benefit.

## THE PARTIES

2. HVBFF is a Statutory Trust organized under the laws of the State of Delaware.

3. Wells Fargo Bank Northwest, N.A., as trustee of HVBFF, is a national bank having a business address at 299 South Main Street, 12th floor, Salt Lake City, UT 84111.

4. American General is an insurance company domiciled in the State of Texas. American General is a member of the AIG Life Group, and on information and belief, both American General and AIG Life Group share a principal place of business in New York, New York. On information and belief, all of the executive officers of American General are located in New York, New York.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 as it is between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Personal jurisdiction exists over American General because it is doing and transacting business in New York as those terms are understood under New York CPLR §§ 301 and 302, and because it issued a policy of insurance on the life of a resident of the State of New York.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the defendant conducts business in this District.

## FACTUAL ALLEGATIONS

**Issuance and Ownership of the American General Policy**

HF 5263743v.1 #14313/0001

8. On or about February 26, 2006, American General issued a policy insuring the life of an individual (referred to herein as "Ms. Doe")[1], bearing policy number U10022654L (the "American General Policy"). The American General Policy had a standard death benefit of $4,500,000 (the "Death Benefit").

9. The American General Policy bars the insurer from contesting the validity of the policy more than two years after issuance. New York law imposes the same bar.

10. In or about May 21, 2008, an insurance trust established by Ms. Doe to own the American General Policy elected to sell such American General Policy with the consent of Ms. Doe to Legacy Benefits Corporation ("LBC") for good and valuable consideration.

11. In or about July 26, 2008, LBC assigned all of its rights in the American General Policy to HVBFF, and HVBFF became the owner and beneficiary of the American General Policy.

12. HVBFF provided American General with prompt written notice and documentation of the change in the beneficiary and ownership of the Policy.

13. At all relevant times, all premiums on the American General Policy were paid as they came due and American General accepted these premium payments without protest.

14. From the date that American General issued the American General Policy in February, 2006, until April of 2009, American General never challenged the validity of the American General Policy, the validity of the HVBFF ownership of the Policy, or the validity of HVBFF's status as beneficiary of the Policy.

**American General's Refusal to Pay the Death Benefit**

15. Ms. Doe died on February 12, 2009 of natural causes.

---

[1] The true name of Ms. Doe is known to both HVBFF and American General but is omitted herein to preserve the privacy of non public personal information pursuant to the

16. On or about February 19, 2009, HVBFF provided American General with notice of Ms. Doe's death, and further requested a return of an advanced premium payment of $351,000 that was not yet due at the time of death.

17. In or about March 2009, HVBFF provided American General with proof of Ms. Doe's death, certification of the Trustee, the certified death certificate, the original policy, and a letter from the defendant acknowledging receipt of the request for a refund of premium.

18. On or about July 30, 2009, HVBFF, through counsel, requested that American General advise why it had not paid the policy proceeds. American General provided no substantive response.

19. On or about August 19, 2009, HVBFF, through counsel, requested that American General immediately pay the policy proceeds. American General provided no substantive response.

20. Despite due demands, American General still has not paid the death benefit, nor has it advised HVBFF of its grounds for not paying the death benefit.

**American General's Bad Faith**

21. On information and belief, American General is aware that its failure to pay the policy proceeds is frivolous, is unreasonable, and in bad faith.

22. The two year period elapsed in February of 2008, as of which date American General had not contested the validity of the American General Policy.

23. American General also is aware that it is barred by applicable law from contesting the validity of the American General Policy more than two years after issuance.

---

Graham-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. and other applicable privacy laws.

24. Despite its repeated requests for payment of the death benefit, American General has not paid the death benefit nor has it provided any explanation as to why it is withholding the payment.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR BREACH OF CONTRACT

25. HVBFF incorporates and realleges each and every allegation contained in Paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. At all relevant times, the American General Policy was a valid and existing contract binding on American General. HVBFF and its predecessors performed all of their duties under the American General Policy and at all relevant times HVBFF was the owner and beneficiary of the American General Policy.

27. HVBFF became entitled to the death benefit following Ms. Doe's death and duly requested payment of the death benefit.

28. The death benefit is due and owing to HVBFF.

29. American General has not paid the death benefit.

30. American General's refusal to pay the death benefit is unreasonable and in bad faith.

31. Accordingly, HVBFF has been damaged and is entitled to Judgment against American General in the full amount of the death benefit, plus attorneys' fees, interest and expenses.

### AS AND FOR A SECOND CAUSE OF ACTION
### FOR BREACH OF CONTRACT

32. HVBFF incorporates and realleges each and every allegation contained in Paragraphs 1 through 31 as though fully set forth herein.

HF 5263743v.1 #14313/0001

33. At all relevant times, the American General Policy was a valid and existing contract binding on American General. HVBFF performed all of its duties under the American General Policy and at all relevant times was the owner and beneficiary of the American General Policy.

34. HVBFF paid premium in the amount of $351,000 to American General with respect to the American General Policy, which was not due to be paid until after the death of Mrs. Doe.

35. Accordingly, pursuant to the American General Policy and applicable law, American General is required to refund the paid but unearned premium to HVBFF in the amount of $351,000.

36. American General has refused and failed to refund said premium despite due demand.

37. Accordingly, HVBFF has been damaged and is entitled to Judgment against American General in the amount of $351,000, plus attorneys' fees, interest, and expenses.

HF 5263743v.1 #14313/0001

## PRAYER FOR RELIEF

WHEREFORE, plaintiff HVBFF respectfully requests an entry of a Judgment against American General as follows:

a. With respect to the First Cause of Action, $4,500,000 plus consequential damages in an amount to be proven at trial;

b. With respect to the Second Cause of Action, $351,000;

c. Attorneys fees, interest, and expenses;

d. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: New York, New York
September 15, 2009

_____
Julius A. Rousseau, III
Jonathan Kline
HERRICK, FEINSTEIN LLP
Attorneys For: Plaintiff Wells Fargo Bank Northwest, N.A., as trustee of the HVBFF Life Receivables Eurotrust
2 Park Avenue
New York, NY 10016-9301
(212) 592-1400

HF 5263743v.1 #14313/0001