Thomas C. Landrigan, Esq.
Law Office of Ronald J. Cohen
40 Mathews Street, Suite 203
Goshen, New York 10924
(845) 291-1900
tcl2@frontier.com
Attorneys for Third-Party Defendants,
The Valeria Schwarz Irrevocable Life Insurance Trust,
Ernest Schwarz, Yoel Schwarz, individually and as Trustee of the
Valeria Schwarz Irrevocable Life, Ernst Schwarz
-----------------------------------------------------------------X
WELLS FARGO BANK NORTHWEST,   N.A.,
as Trustee of the HVBFF Life Receivables
Eurotrust,

            Plaintiff/Counterclaim Defendant,

            v.

AMERICAN GENERAL LIFE
INSURANCE COMPANY,


            Defendant/Counterclaim,
            v.

HVBFF Life Receivables Eurotrust,
LEGACY BENEFITS CORPORATION,
THE VALERIA SCHWARZ IRREVOCABLE
LIFE INSURANCE TRUST, YOEL SCHWARZ,
individually and as Trustee of the Valeria Schwarz
Irrevocable Life, and SIMON WEINSTOCK,

            Third-Party Defendants.
-----------------------------------------------------------X

Civil Action No.: 3:10-cv-01327

**ANSWER TO THIRD-PARTY
COMPLAINT, AFFIRMATIVE
DEFENSES, CROSSCLAIMS**

        Third-Party Defendant The Valeria Schwarz Irrevocable Life Insurance Trust,

Yoel Schwarz and Ernst Schwarz, individually and as Trustee of the Valeria Schwarz Irrevocable

Life, (the "Schwarz Defendants") by and through its attorneys, Law Office of Ronald J. Cohen,

as and for its Answer, Affirmative Defenses and Crossclaims to the Third-Party Complaint

asserted by defendant American General Life Insurance Company ("Defendant") state as follows:

## ANSWER TO THIRD-PARTY COMPLAINT

1.     No response is required to the allegations contained in Paragraph 1 of the

Third-Party Complaint as it asserts conclusions of law.  To the extent that a response is deemed

necessary, the allegations are denied.

2.     No response is required to the allegations contained in Paragraph 2 of the

Third-Party Complaint as it asserts conclusions of law.  To the extent that a response is deemed

necessary, the allegations are denied.

3.     No response is required to the allegations contained in Paragraph 3 of the

Third-Party Complaint as it asserts conclusions of law.  To the extent that a response is deemed

necessary, the allegations are denied.

4.     Schwarz Defendants deny the allegation contained in that portion of Paragraph

4 of the Third-Party Complaint that asserts "American General reasonably relied upon these

representations in evaluating the application for insurance and deciding to issue the policy" and

refers to the referenced document for its terms, conditions and legal effect, if any, and otherwise

deny the allegations contained in Paragraph 4 of the Third-Party Complaint.

5.     Schwarz Defendants deny knowledge and information sufficient to form a

belief as to the truth of the allegations concerning "American General's investigation" and

otherwise deny the allegations contained in Paragraph 5 of the Third-Party Complaint.

6.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 6

of the Third-Party Complaint.

2

7.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 7 of the Third-Party Complaint.

8.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 8 of the Third-Party Complaint.

9.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 9 of the  Third-Party Complaint.

10.   Schwarz Defendants deny the truth of the allegations contained in Paragraph 10 of the Third-Party Complaint.

11.    No response is required to the allegations contained in Paragraph 11 of the Third-Party Complaint as it asserts conclusions of law.  To the extent that a response is deemed necessary, the allegations are denied.

12.    Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Third-Party Complaint and refers all questions of law to the Court.

13.    Schwarz Defendants deny the truth of the allegations contained in Paragraph 13 of the Third-Party Complaint.

14.    Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Third-Party Complaint.

15.    Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Third-Party Complaint.

16.    Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Third-Party Complaint.

17.      Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Third-Party Complaint.

18.      Schwarz Defendants deny the truth of the allegations contained in Paragraph 18 of the Third-Party Complaint.

19.      Schwarz Defendants admit the truth of the allegations contained in Paragraph 19 of the Third-Party Complaint.

20.      Schwarz Defendants admit the truth of the allegations contained in Paragraph 20 of the Third-Party Complaint.

21.      Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Third-Party Complaint.

22.      Schwarz Defendants deny the truth of the allegations contained in Paragraph 22 of the Third-Party Complaint.

23.      Schwarz Defendants deny the truth of the allegations contained in Paragraph 23 of the Third-Party Complaint.

24.      Schwarz Defendants deny the truth of the allegations contained in Paragraph 24 of the Third-Party Complaint.

25.      No response is required to the allegations contained in Paragraph 25 of the Third-Party Complaint as it asserts conclusions of law.  To the extent that a response is deemed necessary, the allegations are denied.

26.      No response is required to the allegations contained in Paragraph 26 of the Third-Party Complaint as it asserts conclusions of law.  To the extent that a response is deemed necessary, the allegations are denied.

27.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 27 of the Third-Party Complaint.

28.     Schwarz Defendants refer the Court to the referenced document for its terms, conditions and legal effect, and otherwise, deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Third-Party Complaint.

29.     Schwarz Defendants refer the Court to the referenced document  for its terms, conditions and legal effect, and otherwise, deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Third-Party Complaint.

30.     Schwarz Defendants refer the Court to the referenced document  for its terms, conditions and legal effect, and otherwise, deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Third-Party Complaint.

31.     Schwarz Defendants refer the Court to the referenced document  for its terms, conditions and legal effect, and otherwise, deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Third-Party Complaint.

32.     Schwarz Defendants refer the Court to the referenced document  for its terms, conditions and legal effect, and otherwise, deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Third-Party Complaint.

33.     Schwarz Defendants refer the Court to the referenced document  for its terms, conditions and legal effect, and otherwise, deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Third-Party Complaint.

34.     Schwarz Defendants refer the Court to the referenced document  for its terms, conditions and legal effect, and otherwise, deny knowledge and information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 34 of the Third-Party Complaint.

35.     No response is required to the allegations contained in Paragraph 35 of the Third-Party Complaint as it asserts conclusions of law.  To the extent that a response is deemed necessary, the Schwarz Defendants refer the Court to the referenced document  for its terms, conditions and legal effect, and otherwise, deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Third-Party Complaint.

36.     No response is required to the allegations contained in Paragraph 36 of the Third-Party Complaint as it asserts conclusions of law.  To the extent that a response is deemed necessary, the Schwarz Defendants refer the Court to the referenced document  for its terms, conditions and legal effect, and otherwise, deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Third-Party Complaint.

37.     Schwarz Defendants refer the Court to the referenced document  for its terms, conditions and legal effect, and otherwise, deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Third-Party Complaint.

38.     Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Third-Party Complaint, and respectfully refers the Court to the referenced document for its terms.

39.     Schwarz Defendants refer the Court to the referenced document  for its terms, conditions and legal effect, and otherwise, deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Third-Party Complaint.

40.     Schwarz Defendants refer the Court to the referenced document  for its terms, conditions and legal effect, and otherwise, deny knowledge and information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 40 of the Third-Party Complaint.

41.     Schwarz Defendants refer the Court to the referenced document  for its terms, conditions and legal effect, and otherwise, deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Third-Party Complaint.

42.     Schwarz Defendants refer the Court to the referenced document  for its terms, conditions and legal effect, and otherwise, deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Third-Party Complaint.

43.     Schwarz Defendants refer the Court to the referenced document  for its terms, conditions and legal effect, and otherwise, deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Third-Party Complaint..

44.     Schwarz Defendants refer the Court to the referenced document  for its terms, conditions and legal effect, and otherwise, deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Third-Party Complaint.

45.     Schwarz Defendants refer the Court to the referenced document  for its terms, conditions and legal effect, and otherwise, deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Third-Party Complaint.

46.     Schwarz Defendants refer the Court to the referenced document  for its terms, conditions and legal effect, and otherwise, deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Third-Party Complaint.

47.     Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Third-Party Complaint, and respectfully refers the Court to the referenced document for its terms and refers all questions

of law to the Court.

48.      Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Third-Party Complaint, and respectfully refers the Court to the referenced document for its terms and refers all questions of law to the Court.

49.      Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Third-Party Complaint, and respectfully refers the Court to the referenced document for its terms and refers all questions of law to the Court.

50.      Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Third-Party Complaint, and respectfully refers the Court to the referenced document for its terms and refers all questions of law to the Court.

51.      Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Third-Party Complaint

52.      Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Third-Party Complaint

53.      Schwarz Defendants admit the truth of the allegations contained in Paragraph 53 of the Third-Party Complaint, and respectfully refers the Court to the referenced document.

54.      Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Third-Party Complaint.

55.      Schwarz Defendants deny knowledge and information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 55 of the Third-Party Complaint

56.     Schwarz Defendants admit the truth of the allegations contained in Paragraph 56 of the Third-Party Complaint, and respectfully refers the Court to the referenced document.

57.     Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Third-Party Complaint.

58.     Schwarz Defendants admit the truth of the allegations contained in Paragraph 58 of the Third-Party Complaint.

59.     Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Third-Party Complaint.

60.     Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Third-Party Complaint, except admit that some investigation was conducted.

61.     Schwarz Defendants deny the allegations contained in Paragraph 61 of the Third-Party Complaint.

62.     Schwarz Defendants refer the Court to the referenced document for its terms and refer all questions of law to the Court and otherwise denies the allegations contained in Paragraph 62 of the Third-Party Complaint.

63.     Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Third-Party Complaint.

64.     Schwarz Defendant admit that "American General contacted Ernst Schwarz", but deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 64 of the Third-Party Complaint.

65.    Schwarz Defendants refer the Court to the referenced document for its terms and otherwise denies the allegations contained in Paragraph 65 of the Third-Party Complaint.

66.    Schwarz Defendants refer the Court to the referenced document for its terms and refer all questions of law to the Court and otherwise denies the allegations contained in Paragraph 66 of the Third-Party Complaint.

67.    Schwarz Defendants admit the allegations contained in first sentence of Paragraph 67 of the Third-Party Complaint.  The Schwarz Defendants refer the Court to the referenced document for its terms and otherwise denies the allegations contained in Paragraph 67 of the Third-Party Complaint.

68.    Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Third-Party Complaint.

69.    Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Third-Party Complaint

70.    Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Third-Party Complaint.

71.    No response is required to the allegations contained in Paragraph 71 of the Third-Party Complaint as it asserts conclusions of law.  To the extent that a response is deemed necessary, the allegations are denied.

72.    No response is required to the allegations contained in Paragraph 72 of the Third-Party Complaint as it asserts conclusions of law.  To the extent that a response is deemed necessary, the allegations are denied.

73.    Schwarz Defendants deny knowledge and information sufficient to form a

10

belief as to the truth of the allegations contained in Paragraph 73 of the Third-Party Complaint.

74.    Schwarz Defendants deny the truth of the allegations contained in Paragraph 74 of the Third-Party Complaint.

75.    Schwarz Defendants deny the truth of the allegations contained in Paragraph 75 of the Third-Party Complaint.

76.    No response is required to the allegations contained in Paragraph 76 of the Third-Party Complaint as it asserts conclusions of law.  To the extent that a response is deemed necessary, the allegations are denied.

77.    No response is required to the allegations contained in Paragraph 77 of the Third-Party Complaint as it asserts conclusions of law.  To the extent that a response is deemed necessary, the allegations are denied.

78.    No response is required to the allegations contained in Paragraph 78 of the Third-Party Complaint as it asserts conclusions of law.  To the extent that a response is deemed necessary, the allegations are denied.

79.    Schwarz Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Third-Party Complaint as to whether American General "incurred costs" as alleged and otherwise deny the allegations.

80.    No response is required to the allegations contained in Paragraph 80 of the Third-Party Complaint as it asserts conclusions of law.  To the extent that a response is deemed necessary, the allegations are denied.

81.    No response is required to the allegations contained in Paragraph 81 of the Third-Party Complaint as it asserts conclusions of law.  To the extent that a response is deemed

necessary, the allegations are denied.

82.     No response is required to the allegations contained in Paragraph 82 of the Third-Party Complaint as it asserts conclusions of law.  To the extent that a response is deemed necessary, the allegations are denied.

83.     No response is required to the allegations contained in Paragraph 83 of the Third-Party Complaint as it asserts conclusions of law.  To the extent that a response is deemed necessary, the allegations are denied.

84.     No response is required to the allegations contained in Paragraph 84 of the Third-Party Complaint as it asserts conclusions of law.  To the extent that a response is deemed necessary, the allegations are denied.


**COUNT 1**

**(Material Misrepresentation)**

85.     With respect to the allegations contained in Paragraph 85, Schwarz Defendants repeats and realleges its responses to each and every allegation contained in Paragraphs 1 through 84 of the Third-Party Complaint as if fully set forth at length herein.

86.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 86 of the  Third-Party Complaint.

87.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 87 of the  Third-Party Complaint.

88.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 88 of the  Third-Party Complaint.

89.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 89 of the Third-Party Complaint.

90.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 90 of the Third-Party Complaint.

91.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 91 of the Third-Party Complaint.

92.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 92 of the Third-Party Complaint.

93.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 93 of the Third-Party Complaint.

94.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 94 of the Third-Party Complaint.

95.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 95 of the Third-Party Complaint.

96.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 96 of the Third-Party Complaint.

97.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 97 of the Third-Party Complaint.

98.     No response is required to the allegations contained in Paragraph 98 of the Third-Party Complaint as it asserts conclusions of law.  To the extent that a response is deemed necessary, the allegations are denied.

**COUNT II**

13

**(Fraud)**

99.     With respect to the allegations contained in Paragraph 99, Schwarz

Defendants repeat and reallege its responses to each and every allegation contained in Paragraphs

1 through 98 of the Third-Party Complaint as if fully set forth at length herein.

100.    Schwarz Defendants deny the truth of the allegations contained in Paragraph

100 of the Third-Party Complaint.

101.    Schwarz Defendants deny the truth of the allegations contained in Paragraph

101 of the Third-Party Complaint.

102.    Schwarz Defendants deny the truth of the allegations contained in

Paragraph 102 of the Third-Party Complaint.

103.    Schwarz Defendants deny the truth of the allegations contained in Paragraph

103 of the  Third-Party Complaint.

104.    Schwarz Defendants deny the truth of the allegations contained in Paragraph

104 of the Third-Party Complaint.

105.    Schwarz Defendants deny the truth of the allegations contained in Paragraph

105 of the Third-Party Complaint.

106.    Schwarz Defendants deny the truth of the allegations contained in Paragraph

106 of the Third-Party Complaint.

## COUNT III

**(Lack of Insurable Interest)**

107.    With respect to the allegations contained in Paragraph 107, Schwarz

Defendants repeats and realleges its responses to each and every allegation contained in

Paragraphs 1 through 106 of the Third-Party Complaint as if fully set forth at length herein.

108.   Schwarz Defendants deny the truth of the allegations contained in Paragraph 108 of the Third-Party Complaint.

109.   Schwarz Defendants deny the truth of the allegations contained in Paragraph 109 of the Third-Party Complaint.

110.   Schwarz Defendants deny the truth of the allegations contained in Paragraph 110 of the Third-Party Complaint.

111.   Schwarz Defendants deny the truth of the allegations contained in Paragraph 111 of the Third-Party Complaint.

## COUNT IV

### (Declaratory Relief)

112.   With respect to the allegations contained in Paragraph 112, Schwarz Defendants repeats and realleges its responses to each and every allegation contained in Paragraphs 1 through 111 of the Third-Party Complaint as if fully set forth at length herein.

113.   Schwarz Defendants deny the truth of the allegations contained in Paragraph 113 of the Third-Party Complaint.

114.   Schwarz Defendants deny the truth of the allegations contained in Paragraph 114 of the Third-Party Complaint.

115.   Schwarz Defendants deny the truth of the allegations contained in Paragraph 115 of the Third-Party Complaint.

116.   Schwarz Defendants deny the truth of the allegations contained in Paragraph 116 of the Third-Party Complaint.

117.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 117 of the Third-Party Complaint.

## COUNT V

### (Violation of the New Jersey Insurance Fraud Prevention Act, N.J.S.A. 17:33A-1 et seq.)

118.     With respect to the allegations contained in Paragraph 118, Schwarz Defendants repeats and realleges its responses to each and every allegation contained in Paragraphs 1 through 117 of the Third-Party Complaint as if fully set forth at length herein.

119.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 119 of the Third-Party Complaint.

120.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 120 of the Third-Party Complaint.

121.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 121 of the Third-Party Complaint.

122.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 122 of the Third-Party Complaint.

123.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 123 of the Third-Party Complaint.

124.     Schwarz Defendants deny the truth of the allegations contained in Paragraph 124 of the Third-Party Complaint.

## COUNT VI

### (Breach of Contract Against Weinstock)

125.     No response is required to the allegations contained in Paragraph 125 of the

16

Third-Party Complaint as the allegations are not directed to Schwarz Defendants.

126.   No response is required to the allegations contained in Paragraph 126 of the Third-Party Complaint as the allegations are not directed to Schwarz Defendants.

127.   No response is required to the allegations contained in Paragraph 127 of the Third-Party Complaint as the allegations are not directed to Schwarz Defendants.

128.   No response is required to the allegations contained in Paragraph 128 of the Third-Party Complaint as the allegations are not directed to Schwarz Defendants.

129.   No response is required to the allegations contained in Paragraph 129 of the Third-Party Complaint as the allegations are not directed to Schwarz Defendants.

## COUNT VII

### (Breach of Fiduciary Duty by Weinstock)

130.   No response is required to the allegations contained in Paragraph 130 of the Third-Party Complaint as the allegations are not directed to Schwarz Defendants.

131.   No response is required to the allegations contained in Paragraph 131 of the Third-Party Complaint as the allegations are not directed to Schwarz Defendants.

132.   No response is required to the allegations contained in Paragraph 132 of the Third-Party Complaint as the allegations are not directed to Schwarz Defendants.

133.   No response is required to the allegations contained in Paragraph 133 of the Third-Party Complaint as the allegations are not directed to Schwarz Defendants.

134.   No response is required to the allegations contained in Paragraph 134 of the Third-Party Complaint as the allegations are not directed to Schwarz Defendants.

## COUNT VIII

**(Negligence as to Weinstock)**

135.    No response is required to the allegations contained in Paragraph 135 of the Third-Party Complaint as the allegations are not directed to Schwarz Defendants.

136.    No response is required to the allegations contained in Paragraph 136 of the Third-Party Complaint as the allegations are not directed to Schwarz Defendants.

137.    No response is required to the allegations contained in Paragraph 137 of the Third-Party Complaint as the allegations are not directed to Schwarz Defendants.

138.    No response is required to the allegations contained in Paragraph 138 of the Third-Party Complaint as the allegations are not directed to Schwarz Defendants.

139.    No response is required to the allegations contained in Paragraph 139 of the Third-Party Complaint as the allegations are not directed to Schwarz Defendants.

Schwarz Defendants deny all allegations not hereinabove admitted or denied.

**FIRST AFFIRMATIVE DEFENSE**

140.    he Third-Party Complaint fails to state a claim upon which relief can be granted against Schwarz Defendants.


**SECOND AFFIRMATIVE DEFENSE**

141.    Schwarz Defendants deny they are guilty of any negligence, or other conduct, which was the proximate cause or producing cause of any injuries or damages alleged to have been sustained by plaintiffs.

**THIRD AFFIRMATIVE DEFENSE**

142.    Any and all injuries and damages that may have been sustained by Third-

Party

Plaintiff were caused solely by the negligence or other acts or omissions by plaintiff or other

persons not under Schwarz Defendants' control.

## FOURTH AFFIRMATIVE DEFENSE

143.    Schwarz Defendants' conduct was not the proximate cause of any of Third-

Party Plaintiff's injuries.

## FIFTH AFFIRMATIVE DEFENSE

144.    Whether New York or New Jersey law applies, Third-Party Plaintiff's claims

are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

145.    Third-Party Plaintiff's Third-Party Complaint must be dismissed against

Schwarz Defendants because the subject life insurance policy was incontestable pursuant to its

terms and pursuant to applicable law. Third-Party Plaintiff is also barred from claiming that the

policy is contestable based upon the principles of equitable estoppel, waiver and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

146.    Third-Party Plaintiff's claims are barred and/or estopped as a result of Third-

Party Plaintiff's own conduct.

## EIGHTH AFFIRMATIVE DEFENSE

147.    If the Third-Party Plaintiff has sustained any injuries or damages as a result of

the matters as alleged in the Third-Party Complaint, then such injuries and damages resulted

from Third-party Plaintiff's breach of its own contractual obligations.

## NINTH AFFIRMATIVE DEFENSE

148.    Third-Party Plaintiff's claims and/or damages, if any, may be barred or otherwise limited by its own conduct.

## TENTH AFFIRMATIVE DEFENSE

149.    Third-Party Plaintiff's claims are barred by reason of Third-Party Plaintiff's own noncompliance with the subject policy of insurance and/or other contracts in existence between parties.

## ELEVENTH AFFIRMATIVE DEFENSE

150.    If Schwarz Defendants are found liable for damages in this action, such liability will have been caused and/or contributed to, in whole or in part, by the negligence, culpable conduct and/or breach of contract of the Third-party Plaintiff and/or Co-Defendant and/or non-parties will be entitled to an apportionment of liability as between all parties and other responsible entities.

## TWELFTH AFFIRMATIVE DEFENSE

151.    Whether under New York or New Jersey law, Schwarz Defendants' conduct does not rise to the level of material misrepresentation or fraud.

## THIRTEENTH AFFIRMATIVE DEFENSE

152.    Third-Party Plaintiff's allegation that there is a lack of insurable interest must fail as it is not supported by law or fact under New York or New Jersey law.

## FOURTEENTH AFFIRMATIVE DEFENSE

153.    Schwarz Defendants did not breach any contract with Third-Party Plaintiff, if any such contract exists. Even is such a breach existed, it was not the proximate cause of Third-Party Plaintiff's alleged damages.

20

## FIFTEENTH AFFIRMATIVE DEFENSES

154.     Schwarz Defendants does not owe any fiduciary duty to Third-Party Plaintiff. Even is such a duty is owed, it was not breached and/or was not the proximate cause of Third-Party Plaintiff's alleged damages.

## SIXTEEN AFFIRMATIVE DEFENSES

155.     Whether under New York or New Jersey law, Schwarz Defendants' conduct was not willful, malicious, wanton or reckless.

## SEVENTEENTH AFFIRMATIVE DEFENSE

156.     Whether under New York or New Jersey law, Schwarz Defendants' were not negligent.

## EIGHTEENTH AFFIRMATIVE DEFENSE

157.     Whether under New York law or New Jersey law, Third-Party Plaintiff's punitive damages and other similar claims for exemplary damages must be dismissed.

## NINETEENTH AFFIRMATIVE DEFENSE

158.     Third-Party Plaintiff is not entitled to attorney's fees and costs under New York and New Jersey law.

## TWENTIETH AFFIRMATIVE DEFENSE

159.     Third-Party Plaintiff is not entitled to void or rescind the subject policy under New York or New Jersey law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

160.   If Third-Party Plaintiff sustained damages as alleged in Third-Party Plaintiff's Third-Party Complaint, all of which is denied, then such damages were caused in whole or in part by the culpable conduct of Third-Party Plaintiffs, and the amount of damages otherwise recoverable, if any, shall therefore be diminished by such degree of culpable conduct as is attributable to Third-Party Plaintiffs.

## TWENTY- SECOND AFFIRMATIVE DEFENSE

161.   If Third-Party Plaintiff sustained damages, as alleged in Third-Party

Plaintiff's

Third-Party Complaint, which is denied, then such damages were caused in whole or in part by reason of plaintiffs' failure to mitigate their damages, and the amount of damages otherwise recoverable shall be reduced by such amount as is attributable to Third-party Plaintiff's failure to mitigate damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

162.   Any verdict, judgment or decision that might be obtained by plaintiffs against Schwarz Defendants shall be reduced by the amount of any collateral source payments received by Third-Party Plaintiff as determined by the Court.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

163.   This Court lacks jurisdiction over the subject matter of this litigation.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

164.   This Court lacks *in personam* jurisdiction over Schwarz Defendants.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

22

165.    The forum chosen by Third-Party Plaintiff, as well as the current forum, lacks

personal jurisdiction over Schwarz Defendants by reason of improper and/or untimely service.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

166.    Third-Party Plaintiff has failed to comply with the Court Rules pertaining to

sufficiency of service of process.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

167.    Third-Party Plaintiff has failed to comply with the Court Rules pertaining to

sufficiency of process.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

168.    Third-Party Plaintiff's claims are barred by the doctrines of unclean hands,

estoppel, avoidable consequences, waiver and/or laches.

## THIRTIETH  AFFIRMATIVE DEFENSE

169.    Third-Party Plaintiff's claims are barred by the doctrine of *Res Judicata.*

## THIRTY-FIRST AFFIRMATIVE DEFENSE

170.    Third-Party Plaintiff's claims are barred by the doctrine of Collateral

Estoppel.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

171.    Schwarz Defendants are not guilty of any negligence, breach of duty or

breach

of contract as claimed.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

172.    Third-Party Plaintiff has failed to join necessary or indispensable parties

23

without whom this action cannot proceed.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

173.   Schwarz Defendants' are not legally capable of providing the relief requested.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

174.   Schwarz Defendants reserve the right to apply for the imposition of sanctions against the Third-party Plaintiff, pursuant to N.J.S.A. 2A:15-59.1, and to make an application for counsel fees and costs of suit, pursuant to Section 1988 of Title 42 of the United States Code Annotated, and Rule 1:4-8 on the basis that the within cause of action is without merit, is frivolous and has been instituted by the Third-Party Plaintiff in bad faith and with the intent to harass Schwarz Defendants and to cause them to incur great expenses in defense of same, all to the damage of Schwarz Defendants.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

175.   Schwarz Defendants did not violate the New Jersey Fraud Prevention Act of N.J.S.A. 17:33A-1, et seq.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

176.   Schwarz Defendants hereby expressly incorporate by reference each and
every

Affirmative Defense contained in the answers of all defendants in this action.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

177.   Count I and Count II of Defendant's Third-Party Complaint fails to allege with particularity the circumstances alleging to constitute fraud by Schwarz Defendants as required by Fed. R. Civ. P. 9, and must be dismissed.

## THIRTY- NINTH AFFIRMATIVE DEFENSE

178.   New York law is applicable to the subject death claim because, on information and belief, among other factors, the insured was domiciled in New York, the beneficiaries of the trust that owned the Policy were domiciled in New York, the agent met with the insured in New York, and all of the activities concerning the sale of the Policy to Legacy Benefits and subsequently occurred in New York.

## FORTIETH- AFFIRMATIVE DEFENSE

179.   Accordingly, American General's Third-Party Complaint against Schwarz Defendants must be dismissed.

## CROSSCLAIM FOR CONTRIBUTION

180.   Schwarz Defendants demand contribution from the co-defendants and any of the defendants herein after named under the terms of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 at seq. Of the New Jersey Comparitive Negligent Act, N.J.S.A. 2A: 15-5.1 at seq. And/or other applicable statutes and/or rules.

## CROSSCLAIM FOR INDEMNITY

181.   Schwarz Defendants demand indemnity from the co-defendants and any of the defendants hereinafter named both contractually, and at common law.

## DEMAND FOR JURY

182.   Schwarz Defendants demand trial by jury.

WHEREFORE, Schwarz Defendants prays for judgment dismissing Defendant's

Third-Part Complaint, as well as its costs and attorney's fees.

Dated: October 12, 2010                    LAW OFFICE OF RONALD J. COHEN

                                           By:    /s/ Thomas C. Landrigan
                                                  Thomas C. Landrigan, Esq.
                                                  40 Matthews Street, Suite 203,
                                                  Goshen, New York 10924
                                                  (845) 291-1900 (telephone)
                                                  (845) 291-8601 (facsimile)
                                                  Attorneys for Third-Party Defendant
                                                  The Valeria Schwarz Irrevocable Life
                                                  Insurance Trust, Ernst Schwarz, Yoel
                                                  Schwarz, individually and as Trustee
                                                  of the Valeria Schwarz Irrevocable
                                                  Life, Ernst Schwarz

26